CAROLINE HOLCOMBE *vs.* THE EXECUTORS OF HOLCOMBE.

In case the will directs the executors to invest the residue of the personal estate, and the interest to accrue thereon " in good productive real estate at their discretion," and one of the executors, having funds in his hands, is prevented by the misconduct of his coexecutors from making the investment directed by the will, it is his duty to guard the estate from loss by applying, within a reasonable time, to the proper court for instructions.

*Wurts*, for executors.

*J. F. Randolph*, for legatees.

THE CHANCELLOR. By an interlocutory decree in the cause, made on the 15th of May, 1855, it was referred to one of the masters of the court to take an account, among other things—

1st. Of all the personal property of the testator at the time of his death, charging the executors with the same, as received by them respectively.

2d. Of all the personal property which has come to the hands of the executors respectively, or which by due diligence they might have received. 2 *Stockt.* 393.

The master reports that, in his opinion, it was the duty of the executors, in the exercise of due diligence, to collect the interest moneys in arrear, and invest the same for the benefit of the estate, and that the executors should be charged with interest on said moneys, after allowing them a reasonable time to collect and invest the same, and that, under the circumstances of this case, eighteen months was ample time for the executors to collect and invest said moneys. He accordingly charged each executor with all the interest accrued upon the sureties which came to their hands, respectively, with interest thereon, commencing one year and six months from the time it became due. The report in this particular was confirmed.

Asher Reading, one of the executors, has now exhi-

2 M*

bited his final account for settlement, which has been reported by the master. He claims a further allowance than that made by the master, on the ground that, by the principle adopted by the master in making his former report, he has been charged with several hundred dollars more interest than he actually received.

There are two decided objections to the allowance asked for.

1. It is in direct conflict with the principle adopted by the master and sanctioned by the Chancellor upon the former report. The principle was adopted, in the absence of materials for making the report in all respects accurate, as an approximation to the truth. In its application it would necessarily lead to an error upon one side or the other. If it had operated in favor of the executor, he would have had the benefit of it. As it operates against him, he cannot now complain. His remedy, if he had one, was by applying to have the report corrected before it was confirmed.

2. But it is conceded that it is not the principle adopted by the master in stating his account that constitutes the ground of complaint. The real question involved is whether the executor was bound to make an investment or not of the funds which came to his hands. If he was not, he is clearly not chargeable with interest. By the will, the executors were directed to invest the residue of his personal estate, with the interest that might accrue thereon, "in good productive real estate at their discretion." The executors could not agree as to the investments to be made in real estate, in consequence of which a large amount remained for some time in the hands of Reading, as executor, uninvested. On this ground it is insisted that inasmuch as he could not, in consequence of the misconduct of his coexecutors, make the investment as directed by the will, he was not bound to invest at all, and consequently is not chargeable with interest. It is admitted that he acted in good faith in not making the

investment in real estate, and that his conduct in this particular has been sanctioned and approved. Nevertheless it was his duty as executor, in the exercise of due diligence in the management of the estate, as soon as it was ascertained that no investment could be made, as directed by the will, or within a reasonable time thereafter, to have applied to the court for directions in making the investment. He was clearly not bound to incur personal responsibility by making investments contrary to the directions of the testator; on the other hand, he was not justified, after it was ascertained that the directions of the testator could not be complied with, in suffering the estate to lie unemployed and unproductive. His clear duty was to apply to the proper court for directions touching the investment. This would have guarded the estate against unnecessary loss, and at the same time have shielded the executor from personal liability.

The relief asked for is denied.